IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF<br><br>JOSE LUIS CORREA GONZALEZ<br>XXX-XX-3630<br>DEBTOR(S) | CASE NO. 19-01722-MCF<br><br>CHAPTER 13<br><br>ASSET CASE |

**REPLY TO TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329**

**TO THE HONORABLE COURT**
**NOW COMES**, Debtor through the undersigned attorney and very respectfully states and prays as follows:

1. This case was filed 18 months ago. It took 10 months for it to get confirmed. In those months we submitted six plans and four amended schedule I and J. All those amended plans and schedules where mostly because of the pre-bankruptcy ASUME generated Social Security Administration retention order.

2. On December 18, 2019 in our motion titled Amended Schedules I and J (DK 40) we stated as follows: "Amended Schedule I is submitted to inform Debtor's social security benefit of $1,011 has been restored effective January 2020. As per conversation with ASUME representative, attorney Myriam Hernandez; ASUME discontinued the social security administration retention order of $600 on December 13, 2019." Eight months later, after confirmation, thru our client we learn that the understanding with ASUME did not materialized. ASUME never terminated the retention order. See exhibits of DK 55. Petitioner's bank statements from the months of April, May and July reflecting a social security benefit deposit of only $414 as reflected in Schedule I (DK 54). Also, Petitioner's ASUME online certification for the months of February, March, April, May, June, July and August reflecting receipts of $621.

3. The submitted post confirmation modified plan resolves the issue at hand. The plan provides for ASUME's claim to be paid in full. It accommodates the way ASUME has elected to collect its claim. The post confirmation modified plan is sufficiently funded to pay 100% {507} priority claim.

4. We submit to this Honorable Court that with the monies already paid into the chapter 13 plan and its monthly plan payments of $1,320 for the remaining 27 months of the plan

(part 2.1) for a partial base of $41,880; together with the additional payments of $11,178 already paid to ASUME during the pendency of the case and $16,767 to be paid to ASUME during the remaining months of the payment plan from the pre-petition ASUME generated social security administration retention order still in effect for a total plan base of $69,825 (part 2.4); ASUME, the holder of a particular claim that has not only agreed to but has imposed a different treatment of such claim, gets paid. See parts 2.1, 2.4, 4.4, 8.3 and 8.5 of the plan. In particular, Part 8.3 and 8.5 of the plan incorporates ASUME's decision to continue to receive monthly disbursements on its claim from its pre- petition implemented and not terminated after the bankruptcy filing retention order of debtor's Social Security benefit. ASUME is responsible for this convoluted now effective payment structure on its claim; that nonetheless will get the claim paid in full thru the chapter 13 plan within the allotted time.

5. The plan provides for ASUME's claim full payment in deferred cash payment from two different sources as determined by ASUME. The certificate from ASUME as already been provided.
6. ASUME has not objected to Debtor's post confirmation modified plan dated 8/17/2020.

**WHEREFORE**, for the above stated reasons it is respectfully requested from this Honorable Court approve Debtor's post confirmation modified plan dated 8/17/2020.

**I HEREBY CERTIFY**: that a copy of this motion was electronically filed by debtor using the CM/ECF System which will send a notification to the standing Chapter 13 Trustee and to all registered interested parties. In addition, a copy of this motion was sent by debtor's attorney to the debtor at the address of record and to all creditors and parties in interest appearing in the master address list not registered in CM/ECF.

**RESPECTFULLY SUBMITTED
IN CAROLINA, PUERTO RICO, SEPTEMBER 18, 2020.**

/s/ **Ramón F. López**
**RAMON F. LOPEZ, ESQ. (203813)
RAMON F. LOPEZ LAW OFFICES, P.S.C.
ATTORNEY FOR THE ABOVE NAMED DEBTOR
PO BOX 34173
FT BUCHANAN PR 00934
PHONE (787) 276-0196
ramonlopezlaw@gmail.com**

Creditors

AR RESOURCES
PO Box 1056
Blue Bell, PA 19422  (4700823)
(cr)
ASUME
PO BOX 70376
San Juan, PR 00936  (4700824)
(cr)
ASUME-MARIBEL GARCIA BARRETO
PO BOX 71316 SAN JUAN PR 00936-8416 (4718640)
(cr)
BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818  (4705429)
(cr)
BANCO SANTANDER
PO BOX 362589
San Juan, PR 00936-2589    (4700825)
(cr)
BANCO SANTANDER
PO BOX 362589
San Juan, PR 00936-2589    (4700826)
(cr)
BANK OF AMERICA
PO BOX 982238
El Paso, TX 79998-2235    (4700827)
(cr)
CARLOS LOZADA
URB. VILLA CAROLINA
AVE. SANCHEZ OSORIO  (4700828)
(cr)
CARMEN L. DIAZ MARRERO
URB. VILLA FONTANA
VIA 62 3BN7
Carolina, PR 00983  (4700829)
(cr)
CLARO
PO BOX 70367
San Juan, PR 00936-8367    (4700830)
(cr)
CMRE
3075 IMPERIAL HWY
SUITE 200
Brea, CA 92821        (4700831)
(cr)
COX
P.O. Box 78071
Phoenix, AZ 85062-8071     (4700832)

(cr)
HOME DEPOT
PO BOX 9001010
Louisville, KY 40290-1010   (4700833)
(cr)
NAVY FEDERAL CREDIT UNION
PO BOX 3000
Merrifield, VA 22119-3000  (4700834)
(cr)
Oriental Bank
Retail Operation & Collections
Box 364745,
San Juan, P.R. 00936-4745
Att.: Ramn A. Snchez Marrero     (4705063)
(cr)
PROGRESSIVE MANAGMENT SYSTEM
1521 WEST CAMERON AVENUE
West Covina, CA 91790      (4700835)
(cr)
PYOD, LLC
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602(4724628)
(cr)
T-MOBILE
654 AVE MUNOZ RIVERA
SUITE 2
San Juan, PR 00918  (4700836)
(cr)
WANDA I RODRIGUEZ DE JESUS
1131 AVE JESUS T PINERO
SAN JUAN PR 00920         (4709365)
(cr)