# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: **JOSE LUIS CORREA GONZALEZ** SSN xxx-xx-3630  Debtor(s) | CASE NO: **19-01722-MCF** Chapter 13 |
|---|---|

**- AMENDED -**

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **RAMON F LOPEZ LAW OFFICE***

Total Agreed: **$3,000.00**    Paid Pre-Petition: **$475.00**    Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period:  ☐ Under Median Income 36 months   ☒ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$0.00**

Liquidation Value: **$0.00**    Estimated Priority Debt: **$52,299.61**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the Proposed "PCM": Dated **08/17/2020**  (Dkt  53)    Plan Base: **$69825**

The Trustee:  ☐ DOES NOT OBJECT  ☒ OBJECTS  Plan Confirmation   Gen. Uns. Approx. Dist.:100%

The Trustee objects to confirmation for the following reasons:

[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

- Under the proposed plan, debtor is $1,050.00 in arrears in payments to Trustee. The payments included in the motion filed at docket number 67 has not been received yet.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to pay 100% of [507] priority claims. [1322(d)(1)]

The plan is insufficiently funded to pay in full the priority claim to ASUME through the plan. Per the plan's payment schedules, debtor is alleging that he is paying part of arrears claimed by ASUME directly by the Social Security Administration, however, debtor has not submitted evidence in support of this allegation. Trustee cannot favorable recommend the plan unless the plan pays in full this claims or debtor demonstrate the payment made to ASUME.

Please consider that per 11 USC 1322 (a)(2) the plan:
"shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim"

The Certificate from ASUME has been submitted and reflect the amount owed to ASUME $39,330.01.

If Debtors understands he does not owed such amount to ASUME, as already stated by the Trustee the claim must be either amended or objected.

It is necessary to resolve the amount to be paid to ASUME through the plan because the Social Security

Administration has continued to pay the arrears. In this case, Debtor is proposing to subtracts from ASUME's claim the amount paid by the Social Security Administration, but, the Trustee does not have evidence of this payments. The current amount owed to creditor includes the payments already made by the Trustee. Also, Debtor has failed to submit evidence of when these payments made by the Social Security Administration began and the date they will end. Even with the information provided, the Trustee has not been able to corroborate some of the information included in the plan.

In addition, the Trustee does not accept the provision 8.3 of the PCM as drafted because payments made by Social Security should not be added to the base of the plan.

To resolve this matter Debtor and ASUME can file a Stipulation or in the alternative, or debtor should request the Social Security Administration to stop the payments to ASUME for the filing of bankruptcy and request ASUME to amend the amount owed to ASUME after deducting the payments received by the Social Security Administration to correct the amount to be paid through the plan.
The Trustee contacted the ASUME representative and they are willing to help the debtor.

At this time, the Trustee is not in a position to recommend the plan as proposed.

**\*OTHER COMMENTS / OBJECTIONS**

- This Report is amended in response to Debtor's Reply to Trustee's Unfavorable Report.

**NOTICE**
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: February 03, 2021

/s/ Mayra Arguelles, Esq.

Last Docket Verified: 67    Last Claim Verified: 6    CMC: NM